■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEOPOLDO GONZALEZ, Appellant.—Judgment of the Supreme Court, New York County (Richard Lowe, III, J.), rendered February 22, 1989, convicting defendant, after a jury trial, of murder in the second degree in violation of Penal Law § 125.25 (1) and criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 and sentencing him to concurrent indeterminate terms of imprisonment of seventeen (17) years to life and five (5) to fifteen (15) years respec-

tively, reversed, in the exercise of discretion, and the case remanded for a new trial before another Judge. Defendant's appeals from motions to vacate the judgment made pursuant to CPL article 440 and denied in written decisions dated April 6, 1989 and May 14, 1991 are dismissed as moot. In view of the prior relationship between the court and defense counsel, the court should have recused itself despite the fact that we find no reversible error in the appellant's arguments against various rulings made by the Judge during trial. Concur— Murphy, P. J., Kupferman, Ross and Smith, JJ.

Sullivan, J., dissents in a memorandum as follows: The majority reverses the judgment convicting defendant, after nine days of trial, of murder and a lesser felony, on the ground that the trial court failed to recuse itself despite a prior relationship between the Trial Judge and defense counsel. Referring to defendant's motion to vacate the judgment of conviction and the request therein for his recusal on the ground that he acted in a manner that gave the appearance of impropriety, the Trial Judge stated at sentence that the assertions of defense counsel "are a distortion of an innocuous statement that was made in an open public corridor." There is nothing else in the record on the appeal from the judgment to indicate the existence of or bearing on any relationship between the two. Thus, the record is bereft of anything that would require, or even justify, the Trial Judge's recusal from participation in the trial. Accordingly, reversal of the judgment cannot be predicated on this ground. I am unable to comprehend how the majority can reverse a judgment "in the exercise of discretion" by reaching an issue that has no support in the record. Nor are there any claimed errors of record that warrant reversal.

The issue of a relationship between the Trial Judge and defense counsel is, however, squarely raised by defendant's CPL 440.10 motions. In light of the allegations contained therein, the Trial Judge erred in refusing to disqualify himself from considering these motions. While there is no basis for statutory disqualification pursuant to Judiciary Law § 14, Canon 3 (C) (1) (a) of the Code of Judicial Conduct calls upon a Judge to disqualify himself "in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where * * * he has * * * personal knowledge of disputed evidentiary facts concerning the proceeding." Where, as here, there are disputed factual allegations regarding the Trial Judge's out-of-court conduct toward defense counsel during the trial and the prior personal rela-

tionship between the two, a sufficient showing has been made of an abuse of discretion in denying recusal with respect to the post-judgment motions.

Accordingly, I would hold the appeal in abeyance, reverse the orders denying defendant's CPL 440.10 motions to vacate the judgment and grant the motions to the extent of remanding the matter for further proceedings before another Justice.